UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ROBERT H. WARNER, : CASE NO. 1:15-CV-0582
:
        Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
STATE OF OHIO, *et al.*, :
:
        Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Robert H. Warner filed this action against the State of Ohio, the Ohio Bureau of Motor Vehicles, the State of New Jersey, the New Jersey Motor Vehicles Commission, and the United States. In the Complaint, Plaintiff alleges the State of Ohio refused to renew his Ohio drivers license because New Jersey placed a hold on it for nonpayment of court fines and surcharges. He asserts he was denied due process, the right to engage in the political process, the right to counsel, freedom of association, and was subjected to excessive fines. He seeks monetary, injunctive and declaratory relief.

## I. Background

Plaintiff went to the Ohio Department of Motor Vehicles to renew his drivers license in March 2010. He discovered the State of New Jersey had placed a hold on his license renewal because he had outstanding New Jersey charges and unpaid fines from a prior New Jersey conviction. In that earlier New Jersey case, Plaintiff agreed to plead guilty to the outstanding charges and pay court costs so that he would not lose his commercial drivers license and his job as a tractor trailer driver. His unpaid fines were from a criminal action brought against Plaintiff

when he lived in New Jersey thirty years ago. Plaintiff does not describe the earlier criminal action nor the amount of the fines imposed. He alleges, however, that the fine was substantial and he agreed to a payment plan.

Plaintiff Warner stopped making his regular periodic payments under the plan when he noticed New Jersey had added new surcharges that increased his balance by more than a thousand dollars. When he attempted to renew his Ohio drivers license in 2014, he was denied renewal due to the hold placed on his license by the State of New Jersey.

Plaintiff asserts five claims for relief. First, he claims the Defendants denied his First Amendment rights to engage in free speech. He contends that by refusing to renew his drivers license, the Defendants have restricted his ability to earn money, which in turn, restricts his ability to make political contributions. Second, Plaintiff asserts that New Jersey denied him due process because it waited so long to collect the fine. Third, Plaintiff claims his Eighth Amendment rights to be free from excessive fines was violated when the State of New Jersey added new surcharges to his fines thirty years after he committed the offense. Fourth, Plaintiff claims he was denied the right to counsel because he cannot afford to hire an attorney to contest the fines and surcharges. Finally, Plaintiff asserts he was denied the right to free association because the lack of a drivers license restricts his ability to engage in activities. He seeks monetary, injunctive and declaratory relief.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. A claim lacks an arguable

basis in law or fact when it is based on a meritless legal theory or when the factual allegations are clearly baseless.[1] A cause of action fails to state a claim upon which relief may be granted when it does not contain sufficient facts to demonstrate the Plaintiff has a plausible claim for relief.[2] In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.

### III. Analysis

Plaintiff's First Amendment claims found in his first and fifth causes of action are based on his premise that he has a constitutional right to a drivers license. While interstate travel is a fundamental right, there is no fundamental right to use a particular type of transportation or to drive a motor vehicle. Plaintiff does not have a Constitutional right to a drivers license.[3]

Plaintiff's second, third and fourth causes of action challenge criminal matters in which New Jersey imposed large fines and surcharges against him. He contends New Jersey added surcharges to the unpaid balances on his fines. He asserts the fines are excessive but he cannot afford an attorney to contest them. He claims the fines violate his constitutional rights.

In order to recover damages for a sentence that violates the Constitution, Plaintiff first must get the sentence reversed on direct appeal, or called into question by a federal writ of

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

[3] *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 535 (6th Cir. 2007)("State driver" license laws impose only an "incidental and negligible" burden on the exercise of right to travel").

habeas corpus.[4] Because the underlying criminal judgment and sentence are still intact, Plaintiff cannot bring a civil rights action to challenge the fines imposed against him.

Finally, even if Plaintiff had stated a constitutional claim upon which relief could be granted, he cannot sue the United States, New Jersey, Ohio and their agencies. Federal and state governments and their agencies are immune from suit except under limited circumstances when the government consents to be sued or waives its immunity.[5] Neither the United States, New Jersey nor Ohio have consented to suit in a civil rights action or waived immunity.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]

IT IS SO ORDERED.

Dated: August 5, 2015                     s/     James S. Gwin
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[4] *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

[5] *Alden v. Maine*, 527 U.S. 706, 713 (1999)(discussing federal government and state sovereign immunity). *Keifer & Keifer v. Reconstruction Fin. Corp.*, 306 U.S. 381, 388 (1939)(United States sovereign immunity); *Ernst v. Rising*, 427 F.3d 351, 358(6th Cir. Oct. 26, 2005)(discussing state immunity under the Eleventh Amendment).

[6] 28 U.S.C. § 1915(a)(3) provides that a Plaintiff may not proceed *in forma pauperis* on appeal if the trial court certifies an appeal cannot be taken in good faith.